HOPKINS *against* SMITH.

IN ERROR, on *certiorari*, from a justice's court. *Hopkins* sued *Smith*, before a justice, to recover damages for a deficiency in a quantity of shingles purchased of the defendant. The defendant pleaded in abatement, that the shingles were sold to the plaintiff and one *J. H.* who gave their joint note in payment for the same, and that if the defendant was responsible at all, it must be to them jointly. The plaintiff admitted that he and *J. H.* both signed the note given to the defendant for the shingles, but that *J. H.* signed the note as security only. The justice ruled that it was incumbent on the plaintiff to prove that *J. H.* signed the note as security only. The plaintiff then offered *J. H.* as a witness to prove that fact; but he was objected to on the ground of interest, and rejected by the justice, who gave judgment for the defendant.

*Per Curiam.* A partnership between the plaintiff and *J. H.*, as set up in the plea of the defendant, was not supported by evidence. The fact that the plaintiff and *J. H.* both signed the note given for the shingles, was no evidence of a partnership. And when the admission of that fact, by the plaintiff, was received in evidence, the whole admission should have been taken together, which showed that *J. H.* signed the note as security only. The justice, in effect, required the plaintiff to prove a negative. But, even, if the plaintiff was bound to show that *J. H.* signed the note as a security, and not as a partner, *J. H.* was a competent witness to that fact, for he had no interest in the event of the suit, for the note was not in question. The judgment below must, therefore, be reversed.

Judgment reversed.

Two persons signing a joint note, is no evidence of a partnership between them. If A. admits that B. signed the note jointly with him, but says that B. signed it as security only, the whole admission must be taken together. And in an action against A. by C. to whom the note was paid for goods sold, for an alleged deficiency in the goods, B. is a competent witness to prove that he signed the note as security only, not as partner.