## HASTINGS vs. PALMER.

A party holding the *affirmative* of an issue is bound to introduce *in the first instance all the evidence on his side,* except what operates merely to *answer* or *qualify* the case as sought to be established by his adversary, at which alone the evidence in reply must be pointed ; from this rule, however, departures may be made in the discretion of the presiding judge.

Where in an action of *slander* the plaintiff alleges *special damage* in consequence of *reports* of the existence of facts such as are alleged to have been imputed to the plaintiff by the defendant, to entitle him to give evidence of such special damage, the plaintiff is bound to prove that it was the *consequence* of the *defendant's* slander.

THIS was an action of *slander*, tried at the Oneida circuit, before the Hon. HIRAM DENIO, then one of the circuit judges.

This suit was brought for words spoken by the defendant, charging the plaintiff with *an assault with intent to kill* the defendant or one Ira Lusk. One of the counts charged the words to have been, that the plaintiff had been guilty of an assault upon the defendant or Lusk with a loaded pistol, without imputing the intent to kill ; and in this count the plaintiff alleged *special damage.* The defendant pleaded the general issue, and gave notice of justification. The words laid in the declaration having been proved to have been spoken, the plaintiff called a witness of the name of *Chappell,* and offered to prove by him that he forbore to employ the plaintiff as an attorney and counsellor at law in the transaction of certain business, in consequence of hearing it reported that the plaintiff had drawn a pistol upon some one in the manner stated by the defendant ; but the plaintiff did not offer to trace the report to the defendant : which evidence being objected to, was excluded. The plaintiff having rested, the defendant produced testimony in support of his notice of justification, and on his resting, the plaintiff offered to prove in *aggravation of damages,* a repetition by the defendant since the commencement of this suit, of the charges contained in the declaration : which evidence being objected to, was re-

jected by the judge. The jury found for the *defendant*, and the plaintiff moves for a new trial.

*H. P. Hastings*, in pro. per.

*W. C. Noyes*, for the defendant.

*By the Court*, Cowen, J. The proof of special damage was properly rejected. The report which influenced Chappell might as well have been imputed to any other of his neighbors, as to the defendant. To make the offer of evidence complete, it should have been proposed to show in some way that the special injury arose not only from the words in question, but was a consequence of the defendant's use of them.

The judge also had a right, in his discretion, to disallow the evidence offered in aggravation of damages, at so late a stage of the cause. Strictly, the plaintiff, or party holding the affirmative, is bound, in the first instance, to introduce all the evidence on his side, except that which operates merely to answer or qualify the case as it is sought to be made out by his adversary's proof. At this alone, the evidence in reply must be pointed. The following cases show that to be the settled practice at the English nisi prius, with the power of the judge to qualify it in his discretion. *Whittingham* v. *Bloxham*, 4 *Carr. & Payne*, 597. *Giles* v. *Powell*, 2d *id.* 259. *George* v. *Radford*, 3 *id.* 464. *Brown* v. *Giles*, 1 *id.* 118. *Rex* v. *Stimpson*, 2 *id.* 415. *Knapp* v. *Hascall*, 4 *id.* 590. *Rowe* v. *Brenton*, 3 *Man. & Ryl.* 133, 139, 304, *on different days of a trial at bar*. *Rex* v. *Hilditch*, 5 *Carr. & Payne*, 299 ; and see *Rex* v. *Findon*, 6 *id.* 317. The rule with its reasons and qualifications, is very well stated by Mr. Justice Mills, in *Braydon* v. *Goulman*, 1 *Monroe*, 115, 117, 118, on error brought for improperly receiving supplemental evidence of damages : " In strict practice, he who has the affirmative, ought to introduce all the evidence to make out his side of the issue ; then the evidence of the negative side is heard ; and finally, the rebutting proof of the affirmative, which closes the investigation. An adherence to this rule generally,

Grover *v.* Gould.

will be found necessary in all courts of original jurisdiction; and without it confusion, loss of time, and captious and irritable conduct must follow. We say *generally ;* for it will often be found proper, for good reasons, to depart from it, in order to attain complete justice; and when this ought or ought not to be done, must, in a great measure, be left to the sound discretion and prudence of the court."

NINE other grounds are taken for a new trial, *eight* of which are objections to the charge of the judge, and the *ninth*, that the verdict is against law and evidence. We think the charge was right, and the verdict was not against either law or evidence.

New trial denied.