By the Court, Cowen, J.
The cases relied on by the counsel for the defendant are decisive against the plaintiffs’ claim to recover by virtue of the comptroller’s deed. (Comstock v. Beardsley, 15 Wend. 348; Bush v. Davison, 16 id. 550.) The privilege of a part claimant to redeem a part, if he choose, supposed to have been overlooked in those cases, does not vary the principle upon which they proceeded.
After the plaintiffs and defendant had respectively gone through with their evidence on the title derived from the state, the former proposed to begin a new case and deraign a title under the mortgage and foreclosure. This the judge might, in his discretion, have allowed; but, for reasons satisfactory to himself, he refused it.
The plaintiff has a right to reply, by evidence to contradict, cut down, modify, explain or in any way vary the evidence of the defendant; but beyond this he cannot go without the permission of the judge; not even to supply a defect in his own evidence. (Rex v. Hilditch, 5 Carr. & Payne, 299; Briggs v. Aynsworth, 2 Mood. & Rob. 168,169, note (a).) In this case a very wide departure from that rule was claimed, and is now insisted on as matter of right. The plaintiffs were bound to introduce all their evidence in the first instance. (Hastings v. Palmer, 20 Wend. 225; Ford v. Niles, 1 Hill, 300.) Such a course might have been at once decisive of the case. We are not able to see the reasons which influenced the judge; though we can easily conceive that the plaintiffs’ experimenting upon one branch of their title, had, in his opinion, unnecessarily protracted the controversy. If parties be allowed as matter of right to try one cause of action or one defence, and, failing in this, to go into another, there will sometimes be as many distinct trials in each cause as there are grounds for recovery or defence. There are often several issues raised by counts and pleas, or otherwise involved in a single cause, and if the parties have a right fully to intro *289 duce their evidence on each of them separately, accordingly as they may have failed or may fancy they have failed as to some one or more, it would often result in examining to facts, and raising and settling questions which might not appear to be at all material on the whole case. Distinct items of claim in actions upon contracts or for wrongs, as well as distinct lines of evidence in support of each, are very common on the side of the plaintiff. Each are perhaps to be answered in one or more of several ways. To allow the usual round of evidence upon each would not only lead to perplexity and disorder in the whole case, but to a consumption of time altogether incompatible with the due progress of general business. Cumulative testimony is often necessary, owing to some slip or forgetfulness of counsel; and I believe the judge seldom refuses to hear it. His error most generally perhaps lies on the side of extreme liberality. But if the public business is to be done and done with proper despatch, he must have a discretion to say whether he will or will not allow it to come in.
It will be seen by the various decisions applying the rule of practice which governs at nisi prius in admitting or excluding supplemental evidence, that it generally calls for a much greater degree of strictness than was exercised by the judge in the present case. A simple declaration of the plaintiffs’ counsel that his proof is closed, or, in the usual phrase, that he rests his case, cuts him off from all farther evidence except what shall be strictly proper by way of reply. (See the cases collected in Cowen & Hill’s Notes to 1 Phill. Ev. 712 to 718.) After the cause has proceeded to the point of rest on the side of the defendant, the introduction of a distinct substantive ground of claim in reply is not admissible within any of the cases; and though it might be received, in the discretion of the judge, even without any special reason, such a step should be avoided out of a regard to its ill effect as a precedeni(a)
New trial denied.

 See Shepard v. Potter, (4 Hill, 202,) and Wright v. Henry, (id. 205, in note (a).)