## ROUSE *vs.* WHITED and others.

The rule that where the admissions of a party are relied upon to charge him, he is entitled to give evidence of all that was said, at the time, does not apply to a case where the conversation subsequent to the admission does not relate to the same subject matter, and has no necessary connection with the admission.

Thus, where the sheriff, having an execution against the plaintiff and defendants, and being in search of property whereon to levy, the defendants pointed out property which they said belonged to the plaintiff; adding that the debt for which the execution issued was the plaintiff's to pay; *Held* that the latter part of the declaration had no necessary connection with the subject matter of the inquiry, and could not be given in evidence as a part of the admission, and as qualifying the same.

THIS action was commenced before a justice of the peace of Saratoga county. The plaintiff claimed to recover of the defendants the sum of $27, alleged by him to have been paid for the defendants, on a judgment against all the parties, in favor of one Warren S. Kelly, on a note of which the defend-

ants were the makers and the plaintiff and others indorsers. On the trial the plaintiff introduced in evidence an exemplified copy of a judgment roll in the supreme court, in favor of Kelly, against the parties and others, from which it appeared that judgment was rendered against the defendants in that action for $117.89, on a note for $100 made by the defendants and indorsed by the plaintiff and others. The plaintiff then called as a witness the sheriff of Saratoga county, who testified that on the 23d of June, 1856, he received an execution, which was produced in evidence, and by virtue of it levied on a piece of rye, corn, potatoes and oats ; the rye being in one lot and the corn and potatoes in another. They were on a lot of land in the town of Milton, occupied by Gideon More. He advertised and sold the property levied on, except the rye. One of the defendants told him the property was the plaintiffs', and he then levied on it. He received $27 for what he sold. The defendant's counsel, on cross-examination of this witness, put the following question : "Did he (the defendant) not tell you, in the same conversation, that the execution belonged to Rouse (the plaintiff) to pay, and that it was his debt?" This was objected to, as calling for the declarations of the party in his own favor, and as being no part of the conversation called out by the plaintiff on direct examination, and not necessary to explain the same. The objection was sustained. The same question was asked of another witness, who testified to a similar declaration of both defendants, was objected to, and excluded.

The defendants moved to strike out the execution offered in evidence, on the ground that it appeared on the process itself, that it had been issued on a judgment, the roll whereof was filed in Saratoga county, and no evidence had been given of any judgment in Saratoga county. 2. That the money collected by the sheriff was collected on this execution, and for aught that appeared, there was a judgment roll filed and judgment docketed in Saratoga county, upon which said execution issued ; and that until such a judgment was proved, it could not appear upon what debt the money collected was, or was to be, applied. 3. That the execution was irrelevant evidence. The motion was

Rouse *v.* Whited.

denied. The judgment in the supreme court was recovered and docketed in Albany county, on the 21st of March, 1856, for $117.89. The execution was issued to Saratoga county, and recited the judgment, and that it was docketed in Saratoga county, but directed the sheriff to return it to the county of Albany. It agreed with the judgment, in respect to the names of parties, the amount, &c.

The justice rendered a judgment in favor of the plaintiff for $29.24, damages and costs, which the county court reversed, on the ground that the questions offered to be put to the witnesses were improperly rejected. The plaintiff appealed to this court.

*J. A. Shoudy,* for the plaintiff.

*A. Pond,* for the defendants.

*By the Court,* C. L. ALLEN, P. J. The cases have been somewhat conflicting, as to what shall be considered a part of the same conversation of a party, called out by his adversary. In *Wailing* v. *Toll,* (9 *John.* 141,) the defendant admitted that the plaintiff had furnished her with medicine, and attendance, but stated at the same time, that she was a minor. The court held that the latter part of the declaration related to the same subject matter, and that both must be taken together. In *Credit* v. *Brown,* (10 *John.* 365,) the defendant admitted that he shot the plaintiff's dog, but stated that the dog assaulted him, on the highway. The latter part of the declaration was held to be proper, as a part of the same conversation, and to amount to a justification for the killing. So, an admission by the defendant that he purchased goods, but at the same time adding that he had paid for them, was decided to be proper, and that the two could not be separated; both relating to the same subject matter. (*Smith* v. *Jones,* 15 *John.* 229.) In *Hopkins* v. *Smith,* (11 *John.* 161,) the court said that where A. and B. sign a promissory note, jointly, and A. admits that B. signed the note jointly with him, but alleges that it was as security only, the whole admission must be taken together. And see

2 *Hill,* 440, where the defendant said he had the stove for which the note was given, but there was a breach of warranty. (*See also,* 4 *Hill,* 146.) In *Bennett* v. *Burch,* (1 *Denio,* 141,) the defendant refused to pay school moneys, on request, and the court held that he was entitled to give in evidence the reasons which he gave for his refusal to pay, at the time the request was made. In *Delamater* v. *Pierce,* (3 *Denio,* 315,) the defendant admitted the items of an account, but said he had a set-off. It was held that the latter was no evidence of set-off, and it must be proved by other evidence. In *Garey* v. *Nicholson,* (24 *Wend.* 351,) Judge Cowen remarks that the object of the rule is to prevent the party being misunderstood, in the particular matter to which he spoke. And he inquires, with much emphasis, "But suppose you were to inquire whether the defendant sought to be charged as indorser, had admitted he had received due notice of dishonor, would it follow that he could show, as a part of the same conversation, an assertion that the note was a forgery?" Within some of the cases cited, I think he could, but according to others, he could not. The court in this district, in *Dorlon* v. *Douglass,* (6 *Barb.* 451, 456,) remark that "if the matter of avoidance relates to another subject, not inquired about, by the examining party, although relevant to the matter in issue, it is not admissible within the rule that the whole conversation must be given, of which the examining party has called for only a part. The further conversation, beyond what the examining party has called out, must not only relate to the matters in issue, *but also to the fact called for by him,* by *questions on his side.*" "A party who calls for the admissions of his adversary on a particular point, must take with it all that was said on that point."

Now what was the admission called for by the plaintiff in this case? The sheriff, who had an execution against the parties, issued out of the supreme court, was in search of property on which to levy; the defendants, one or both of them, pointed out property which they said belonged to the plaintiff This was all the sheriff wanted to know, in order to make the levy, and all the plaintiff wished to establish by calling out the

admission or information thus given to the sheriff. The defendants' counsel then inquired if the defendants did not, at the same time he or they pointed out to the sheriff the plaintiff's property, say that the debt for which the execution issued was the plaintiff's to pay? What connection had this latter declaration with the subject matter to which the first inquiry was directed? Of what consequence to the sheriff was it, whose the debt was to pay, and what part of it related to the inquiry put by the plaintiff, as to whose property was levied on? All he sought to prove, and all he asked, was whose property did the defendants say the sheriff levied upon. And could the defendants be entitled to add a declaration entirely foreign to the fact called for by the plaintiff, and thus make a defense by their own declarations? I think not. Could the party making the inquiry have reasonably expected the last answer? As well might the court have said, in *Dorlon* v. *Douglass*, that the confession concerning the note, which was not the subject matter of the suit, made at the same time, upon the subject of the note in question, might properly be given in evidence. But in that case they decided such declaration to be improper, and in my judgment that case decides the present, against the defendants. The fact, if it was so, that the debt belonged to the plaintiff to pay, should have been proved by the defendants as a separate and distinct defense. His *conclusions* were not evidence. The very facts on which he founded them might have been deemed insufficient in law, when passed upon by the court.

The remaining point taken by the defendants is, that the justice erred in refusing to strike out the execution, and to nonsuit the plaintiff.

The admission of the defendants that G. W. Whited was the owner of the judgment, by assignment, and had issued the execution, was virtually an admission that it was on the judgment of which the exemplification was evidence. The execution was received without objection, and the defendants could not be permitted to withdraw an admission upon which the plaintiff had acted. But it was apparent, from the execution

itself, that it was issued on the judgment docketed and filed in Albany county. It recited the same parties, the same amount. the rendition of judgment on the 21st of March, and directed the sheriff to return it to Albany county, where the code required it to be returned. The objection and motion were properly overruled, as was correctly decided by the county court.

But, for the reasons given on the first point, the judgment of the county court must be reversed, and that of the justice affirmed, with costs.

[SARATOGA GENERAL TERM, July 14, 1857. *C. L. Allen, James* and *Rose-krans*, Justices.]