JOHN RAINES, Respondent, *v.* NEW YORK PRESS COMPANY (LIMITED) and LEMUEL E. QUIGG, Appellants.

*Libel — publication in a newspaper of charges against a State Senator — allegations in the complaint of their repetition by other newspapers — senatorial investigation of the charges, and injury to the feelings — measure of damages.*

The wrongful repetition of a libel by third persons is not the act of the original publisher, but of such third persons, and, if damage results to the plaintiff from their publication of the libel, the persons who repeated it must respond in damages to the plaintiff.

In an action brought against a newspaper to recover damages for a libel, alleged to have been published of and concerning the plaintiff, a State Senator, allegations contained in the complaint that the libelous publication was copied and commented upon by the general newspaper press of the State, and also by the press of other States, was given prominence in the press, and was commented upon by it as sensational news, bringing into disrepute the plaintiff as well as the bodies of men with which the plaintiff was associated in such publication, are irrelevant matter, and should be stricken out of the complaint.

An allegation that the State Senate ordered an investigation of the charges, these being criminal in their nature; that the plaintiff had to employ counsel to represent him upon the investigation; that his labors were exhausting, and that he was caused great mental anxiety because of the difficulty of the investigation and because of false rumors and suspicions, is also irrelevant, where it is not shown by whom such investigation was asked for.

*Semble,* that an allegation that the plaintiff was further subjected to severe nervous strain impairing his usual health by the mortification incident to the publication of the charges is proper as constituting a possible legal item of damages, but a further statement that his feelings were injured by the "investigations, rumors and suspicions," does not present any ground for a recovery and is irrelevant.

APPEAL by the defendants, the New York Press Company (Limited) and another, from so much of an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Ontario on the 15th day of August, 1895, as denied the defendants' motion to strike out certain portions of the complaint in this action as irrevelant.

*De Lancey Nicoll,* for the appellants.

*George Raines,* for the respondent.

WARD, J. :

The respondent (the plaintiff), John Raines, a member of the State Senate, instituted an action against the defendants, claiming damages for a libel alleged to have been committed upon him by *The Press,* a daily newspaper published in the city of New York by the defendants, having a daily circulation of more than 100,000 copies. The libel consisted in charges and statements made in that paper in its issue of April 18, 1895, to the effect that the plaintiff with other Senators had been guilty of corrupt and improper conduct with reference to a bill pending before the Legislature of the State at that time. The complaint is very long, embracing many matters connected with the charges.

The defendants moved at Special Term to strike out the following allegations of the complaint as irrelevant :

*First.* " And its editorials and news items were extensively copied and commented upon by all the leading newspaper press in the State of New York, and plaintiff particularly states to the court that the libelous and defamatory publication in the defendants' newspaper in its issue of April 18, 1895, which said publication is hereinafter particularly set forth, was so copied and commented upon by the general newspaper press of the State of New York."

Also, *second.* " The foregoing publication made of and concerning this plaintiff by defendants as aforesaid was made the subject of editorial comment and of news items in all the newspaper press of the State of New York, as well as of all important cities of the United States, and was given prominence as sensational news wherever such comment was made as bringing into disrepute this plaintiff as well as the bodies of men with which this plaintiff was associated in said publication."

Also, *third.* " That immediately after said publication was made the Senate of the State of New York, by formal resolution adopted in open session, ordered an investigation of all the matters contained in said publication, which investigation continued during the period of nearly one month and the details thereof were made the subject of much comment. And this plaintiff was obliged to employ, and did employ, counsel in his behalf to attend upon all the hearings of the said investigation at great expense and to personally devote a great deal of time to the gathering of evidence and personal attendance

upon such investigation to establish the falsity of all the matters suggested and charged by all the matters of such publication by defendants; that such labors were, protracted and exhausting, causing plaintiff great mental anxiety because of the difficulty of the investigation and the false rumors and suspicions caused to be put in circulation by said publication, and the shame, reproach and infamy brought hereby upon the plaintiff."

Also, *fourth.* "That plaintiff was further subjected to severe nervous strain impairing plaintiff's usual health by the mortification incident to the publicity of all the charges, investigations, rumors and suspicions aforesaid."

Also, *fifth.* "And because no vindication by any investigation would repair the injury done to plaintiff's reputation by the universal publication of the charges contained in said publication of defendants."

The motion to strike out prevailed at the Special Term as to paragraphs 2 and 5 aforesaid, but was denied as to the other paragraphs, being 1, 3 and 4.

The only appeal taken from the order was by the defendants from the refusal of the Special Term to strike out the last-mentioned paragraphs.

The learned judge at Special Term was clearly right in striking out the second paragraph. The first paragraph should also be stricken out for the same reasons that must have governed the Special Term in striking out the second. The first alleges in general terms that the defamatory publication was copied into other papers and commented upon by the general newspaper press of the State, and that the defendants' editorials and news items upon the subject were also copied and commented upon. This matter is of the same nature as appears in the second paragraph, and is subject to the same objections.

Assuming that the purpose of the pleader was to enhance the damages by showing a repetition in other newspapers and by others of the libelous matter, it was too remote for that purpose.

The wrongful repetition of a libel by third persons is not the act of the defendants, but of such third persons, and if damage comes thereby the responsibility falls upon the third person, who must respond.

In *Ward* v. *Weeks* (7 Bing. 211) the defendant was charged with saying of the plaintiff, " He is a rogue and a swindler. I know enough about him to hang him." The special damage alleged was that one Bryer refused to trust the plaintiff with goods on credit. The evidence was that the defendant had spoken the words to one Brice, who had at a subsequent time and place, and without any authority from the defendant, repeated the statement to Bryer, the repetition of which by Bryer and not the original statement occasioned the damage, and it was held that a nonsuit was properly directed.

In *Hirst* v. *Goodwin* (3 F. & F. 257), where the plaintiff was a veterinary surgeon, and for the purpose of proving special damage a person was called who said he had ceased to employ the plaintiff since the words were spoken, but it appeared that he was not present when the defendant uttered them, and, therefore, must have heard them from a third party, it was ruled by MARTIN, B., that such evidence of damage was inadmissible ; the action for such damage should have been brought against the person who repeated the slander. The rule enunciated in these cases seems to be sustained by *Terwilliger* v. *Wands* (17 N. Y. 54) ; *Hastings* v. *Palmer* (20 Wend. 225) ; *Keenholts* v. *Becker* (3 Den. 346) ; *Olmsted* v. *Brown* (12 Barb. 657).

These cases were actions to recover special damages for words not slanderous *per se*, and in *Terwilliger* v. *Wands* the court says : " Where words are spoken to one person, and he repeats them to another, in consequence of which the party of whom they are spoken sustains damages, the repetition is as a general rule a wrongful act rendering the person repeating them liable in like manner as if he alone had uttered them. The special damages in such a case are not a natural legal consequence of the first speaking of the words, but of the wrongful act of repeating them, and would not have occurred but for the repetition, and the party who repeats them is alone liable for the damages." (Citing *Ward* v. *Weeks*, *supra*, and other cases.)

Further on the court says, rather by way of supposition : " Occasions may doubtless occur where the communication of slanderous words by a person who heard them will be innocent ; and it is certainly reasonable that when repeated on such an occasion and damages result, the first speaker should be held responsible for the dam-

ages, as flowing directly and naturally from his own wrong." But the court adds: "It is not necessary in the present case to decide whether the proposition is law."

BEARDSLEY, J., in *Keenholts* v. *Becker* (*supra*), makes the same suggestions as in *Terwilliger* v. *Wands*, that a person may be responsible for a slander filtered through an innocent third person, in an action where special damages must be alleged and proved, and adds: "A different rule should, perhaps, govern where the repetition was itself slanderous and the injurious consequences arose, in part at least, from the second slander."

The reason for not charging the defendant with the damage that flows from a repetition of his words by others, in actions for words not slanderous *per se*, applies with greater force to actions of this character where the words are libelous. The repetition of them cannot well be innocent. The repeater knows from the character of the words spoken that the charge is serious and destructive, and if he repeats them he does so at his own peril and is a wrongdoer, and an action can be maintained directly against him by the party injured, independent of any remedy he may have against the person uttering the first slander or libel.

In the case before us no names are given of papers or persons repeating this libelous matter. If this allegation is sustained a door will be opened so wide that the end cannot be foreseen; if the defendants can be charged with the act of a publisher, who publishes the libel from the columns of the defendants' paper, they can also be charged with publication through a series of newspapers, one taking from the other indefinitely, and where will the matter end?

We have reached the conclusion that this paragraph should be stricken from the complaint as irrelevant.

The third paragraph sought to be stricken out is that the Senate ordered an investigation of the matters contained in the libelous publication, etc. This is clearly irrelevant. It is not alleged that the investigation by the Senate was sought by the defendants; for aught that appears the investigation was sought by the plaintiff for his own vindication, as is frequently the case when members of legislative bodies are assailed and their motives or characters traduced. It is true that the defendants' newspaper article suggests that its

charges ought to be investigated, but by whom or what body or person is not stated. The charges being of a criminal character, the most appropriate tribunal to investigate them would be the grand jury. The Senator's constituents might deem it their duty to investigate them, so too the Senate, the body whose members had been libeled. It would not be claimed that the plaintiff would be entitled to damages or to be reimbursed for any expense that he might be put to in consequence of an investigation by his constituents, by detectives, by the grand jury or other public body.

We have reached the conclusion that this paragraph is clearly irrelevant and should also be eliminated from the complaint.

This brings us to paragraph fourth : " That plaintiff was further subjected to severe nervous strain, impairing the plaintiff's usual health by the mortification incident to the publicity of all the charges, investigations, rumors and suspicions aforesaid."

In so far as this allegation states that the injury to the plaintiff's feelings was occasioned by reason of the libelous publication, the charge being that the publication was malicious, it is permissible, as such injury to the feelings may constitute an item of damage (*Brooks* v. *Harrison*, 91 N. Y. 83, 92); but the injury to the feelings on account of the investigations, rumors and suspicions stated are irrelevant.

But as the motion embraces the striking out of both relevant and irrelevant matter in the same paragraph, it may properly be denied as embracing too much. This paragraph 4 will not be stricken out.

The conclusion, therefore, that we have reached is that paragraphs 1 and 3 shall be stricken from the complaint as irrelevant, and that paragraph 4 shall remain, and the order of the Special Term should be modified accordingly, but as neither party has wholly prevailed upon this motion it should be without costs.

LEWIS, BRADLEY and ADAMS, JJ., concurred.

Order modified by striking from the complaint paragraphs first and third as irrelevant, and as so modified affirmed, without costs of this appeal to either party.