ROBERTSON v. NEW YORK PRESS CO., Limited, et al.

(Supreme Court, Appellate Division, Second Department.    February 11, 1896.)

LIBEL—PLEADING—PUBLICATION—RESULTANT DAMAGES.

> In an action for libel, a complaint which alleges that, immediately after the publication of the matter complained of, an investigation "of all the matters contained in said publication" was ordered, and that plaintiff was compelled to attend such investigation as a party, at great expense to himself, and that "such result * * * was intended * * * and contemplated by said defendants when said defamatory matter was published by them," does not allege that the publication caused the investigation.

Appeal from special term.

Action by George W. Robertson against the New York Press Company, Limited, and Lemuel E. Quigg, for damages for libel.    From an order denying defendants' motion to strike out a portion of the complaint, defendants appeal.    Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

De Lancey Nicoll, for appellants.

Charles T. Terry, for respondent.

HATCH, J.    The action is libel.    The complaint, by appropriate allegations, sets out the alleged libel, and seeks, by certain specific allegations, to show special damages sustained by reason thereof. As alleged in the complaint, the libel was published of and concerning plaintiff in his office as a state senator of this state.    The specific allegation which is the subject of this appeal has in part been the subject of examination upon a motion to strike it from the original complaint.    As therein alleged, it reads:

> "That, immediately after said publication was made, the senate of the state of New York, by formal resolution adopted in open session, ordered an investigation of all the matters contained in said publication, which investigation continued during the period of nearly one month; and the details thereof were made the subject of much comment. And this plaintiff was obliged to employ, and did employ, counsel in his behalf to attend upon all the hearings of said investigation at great expense, and to personally devote a great deal of time to the gathering of evidence and personal attendance upon such investigation, to establish the falsity of all the matters suggested and charged by all the matters of such publication by defendants."

The court, at special term, granted the motion, and struck the allegation from the complaint.    Thereupon plaintiff served an amended complaint, setting out the above-quoted matter in full, and adding thereto the following:

> "That such result of the publication, as aforesaid, of the matters hereinbefore set forth, was intended and expected by the defendants herein, and contemplated by said defendants, when said defamatory matter was published by them."

The present motion to strike out this allegation failed, and plaintiff, by this appeal, brings it to our attention. The learned court below held that the allegation was sufficient for the purpose of showing special damage, and was, therefore, a relevant allegation. This ruling was clearly at variance with the former decision, as the effect of that ruling was to hold the allegation irrelevant to the issue. The learned court upon the present motion stated: "The allegation, in connection therewith, * * * that the defendants intended to cause such a result, * * * is harmless." These decisions leave the matter in some confusion. According to the former decision, the allegation was irrelevant, and was striken out. According to the latter decision, the former allegation was relevant, and the amendment bad, though harmless. It is noticeable that, in the first pleading, there is no allegation that the investigation was in any way caused by the publication complained of. It might have been occasioned by many other considerations, with which the publication had nothing to do. The law does not hold a party responsible unless his act produced the injury. And the fact that the act produced the injury must be alleged; otherwise, there is nothing to show any connection between the two. Olmsted v. Miller, 1 Wend. 506; Beach v. Ranney, 2 Hill, 309. The precise question was before the supreme court in the Fifth department, where this allegation of the complaint was held bad, and was stricken out. Raines v. Press Co. (Sup.; not yet officially reported) 37 N. Y. Supp. 45. We do not think that the amendment has in any substantial manner changed the complaint in this respect. It still lacks the essential allegation that what was done was produced by defendants' act. If, in fact, the publication was not the cause of the investigation, then no liability on account thereof attaches to defendants, without regard to what they contemplated or intended. As a rule of evidence, what was done and what followed may establish one as the sequence of the other; but, as a rule of pleading, the relation between the two, that the act produced the result, must be averred with certainty. This allegation fails in that respect. It is therefore irrelevant to the issue, and should be stricken out.

Order appealed from should be reversed, and motion granted, with $10 costs and disbursements. All concur.