WILSON <em>v.</em> GOIT.

The loss of a wife's services from illness, the consequence of mental depression resulting from defamatory words not actionable in themselves, will not support an action by her husband.

The wife, if *sole*, could maintain no action for words which have not injured her reputation, and the husband cannot recover damages from her inability to labor where she could not, if a *feme sole*.

APPEAL from the Supreme Court. The plaintiff sued the defendant for alleged slanderous words spoken of his wife,

imputing to her an act of incontinence, by which, as the plaintiff alleged, she was injured in her good name, &c., and was made sick and diseased in her mind and body, and was unable to attend to her ordinary affairs and business, by which the plaintiff, for a time, lost her services, and was obliged to employ other assistance in his household affairs. There was a general denial by the defendant of the allegations in the complaint.

On the trial, the plaintiff gave evidence of the speaking of words of the character mentioned, to persons who reported them to the wife of the plaintiff; some of those persons stood in such a relation to her as would render such a communication an act of propriety and duty. There was, also, evidence tending to show that she immediately became depressed and unwell, to an extent which hindered her for a time from attending to her domestic avocations.

The defendant asked for an instruction to the jury that a cause of action had not been shown, which was refused, and the defendant excepted. Verdict for the plaintiff for $525. The judgment upon this verdict having been affirmed at a general term, the defendant appealed to this court.

*C. B. Sedgwick*, for the appellant.

*G. C. Parker*, for the respondent.

DENIO, J. In *Terwilliger* v. *Wands*, decided at the last term (*page* 54 *ante*), we determined, upon full consideration, that an action for words spoken of the plaintiff, imputing a want of chastity, in which, as in this case, special damages were required to be shown, could not be sustained by proving that the plaintiff, in consequence of the effect upon his mind, occasioned by the words being reported to him, was made sick and unable to labor. We were of opinion that the law gave this action only for an injury to the plaintiff's

reputation, and that the pecuniary loss which is required to be shown, where the words are not actionable *per se*, must be the effect of the injurious imputation upon other persons than the party bringing the action. The bodily disability of the party thus slandered, through the effect of the slander upon his mind, was not, as we thought, the natural and legal consequence of such an injury, depending, as it necessarily would, upon the nervous organization and mental peculiarities of the plaintiff. It is unnecessary to enlarge upon the reasons for this judgment, as the principle must now be considered the settled doctrine of this court.

The present case differs from the one referred to only in the circumstance that the plaintiff here sues for a pecuniary loss resulting from the right which the law gives him to the services of his wife on account of the marital relation. It must be conceded that if the plaintiff had been a single woman and had brought this action in her own name, the case decided would have precluded a recovery. · In the present case, as in that, it was absolutely necessary for the plaintiff to show a pecuniary injury, and it being established that the effect of the defamatory words upon the party concerning whom they are spoken, is not the kind of injury which the law recognises as naturally arising out of the wrong, it is impossible to hold that the plaintiff, claiming these damages through the marital relation, can be entitled to them if the wife would not have been if she had been a *feme sole.* It cannot be maintained that the plaintiff, as the husband of the party injured, can have a higher title to the value of her services than she would herself have had if she had not been under disability.

In a moral point of view, there is no doubt but that one who will so far violate the proprieties and decencies of life as to make unfounded imputations of this nature, as to any one, and especially in respect to an innocent female, should be severely punished. But an action of slander, which is allowed solely for the vindication of an injured reputation,

would plainly be perverted if used as a means of punishment where the slanderous words were not actionable in themselves, and were not credited by any individual, and where the plaintiff's character had not suffered in the slightest degree. Should the legislature be of opinion that such words ought to be made actionable of themselves, it will be easy for it to supply the existing defect. They can change the law, but we have not that power. The facility with which a right to damages can be established by pretended illness where none exists, constitutes a serious objection to such an action as this. If any change in the law is desirable, such words should be made actionable *per se.*

The judgment should be reversed and a new trial ordered.

COMSTOCK, J., was absent; ROOSEVELT, J., dissented; all the other judges concurring,

Judgment reversed and new trial ordered.