· JOHN P. ADAMS

v.

WILLIAM SMITH.

58   417
79a 588
79a 632

58   417
83a 125

58   417
93a ³212

58   417
f95a ¹132

58   417
f99a ¹168

58   417
196   ¹303

1. INSTRUCTIONS—*should not be numerous*. Instructions should always be clear, accurate and concise statements of the law as applicable to the facts of the case. It was never contemplated, under the provisions of the practice act, that the court should be required to give a vast number of instructions, amounting, in the aggregate, to a lengthy address; such a practice is mischievous, and ought to be discontinued. A few concise statements of the law applicable to the facts are all that can be required, and are all that can serve any practical purpose in the elucidation of the case.

2. WHETHER ERROR WILL REVERSE—*of improper instructions*. While it is true, that the refusal of proper instructions, or the giving of improper ones, will not always occasion a reversal of the judgment, yet that is when substantial justice has been done, and the instructions were not of such character as would tend to mislead the jury on the doubtful facts in the case.

3. The general rule is, if the instructions are objectionable, and the natural effect would be to mislead the jury where the facts are controverted, the verdict will be set aside and a new trial awarded.

4. SLANDER—*measure of damages—evidence of character*. In an action for slander, the court instructed the jury, on behalf of the plaintiff, that evidence of character was admissible for the purpose of showing the extent of the injury, but not in justification, and then directed them, that if the defendant had failed, under his plea of justification, to prove the plaintiff guilty of the crime charged, then they would be bound under the law, no matter what the proof as to the general character of the plaintiff, to find for him in any sum not exceeding $5000, which was the amount of the *ad damnum* laid in the declaration.

This was stating the rule too broadly. While it is true, that the character of a party, however bad, does not justify the utterance of slanderous words, yet the measure of damages is vastly different where the party sustains a good character.

5. So there being evidence tending to show the bad character of the plaintiff, it was erroneous to instruct the jury that he might recover to the extent of $5000, in case the truth of the words spoken was established.

6. SAME—*mental suffering*. There is no doubt, where words spoken are actionable *per se*, that mental suffering produced by the utterance of the slanderous words is a proper element to be considered in fixing the amount

27—58TH ILL.

of damages.   The rule seems to be different where the words are not actionable in themselves.

7.  JURY—*must decide facts—not the court.*   An instruction which assumes the existence of any fact, invades the province of the jury in that regard, and is erroneous.

APPEAL from the Circuit Court of Scott county ; the Hon. CHARLES D. HODGES, Judge, presiding.

Mr. N. M. KNAPP, Mr. W. C. WILKINSON, and Mr. H. CASE, for the appellant.

Messrs. CHAPMAN & HENDERSON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This is an action on the case, for slander.   The gravamen of the action is, that the appellant charged the appellee with having been guilty of the crime of larceny.   The appellant pleaded justification, and a trial was had which resulted in a verdict for the appellee.   A host of witnesses were examined on the trial, whose testimony is preserved in the record, perhaps twice as many as were necessary to elucidate the case. It was eminently a case for the consideration of a jury, and we do not propose to enter upon a critical analysis of the evidence, the sufficiency of which, to sustain the finding of the jury, is questioned by the assignment of errors.   Had the jury been properly instructed, we doubt not that under the established rule we should be compelled to regard the verdict as settling the controverted facts in the case. .

The evidence is very conflicting, and the character of many of the witnesses for truth and veracity was assailed by direct testimony, and in such a case we can not undertake to say what testimony the jury should believe, and what they should disregard.

We think, however, that the instructions given on behalf of the appellee, were calculated to, and did mislead the jury on the true issues involved.   The series of instructions given,

comprised the number of eighteen.   They are very lengthy, and
argumentative in style.   We do not propose to enter upon a
critical examination of the legal principles sought to be
announced in every one of them.   To do so would require us
to write a treatise upon almost every phase of the action of
slander.   We have not the time, nor the inclination, to enter
upon such a work.   We do not understand why it is that
counsel, where they have a good cause, will seek to encumber
it with such a multitude of instructions, the almost invariable
.effect of which is, to introduce manifest error into the record.
Such a practice does not enlighten the minds of a jury on the
issues submitted to them, but rather tends to introduce confu-
sion.   Instructions should always be clear, accurate and concise
·statements of the law as applicable to the facts of the case.
It was never contemplated, under the provisions of the practice
act, that the court should be required to give a vast number .
of instructions, amounting, in the aggregate, to a lengthy
address.   It is a mischievous practice, and ought to be discon-
tinued.   A few concise statements of the law applicable to the
facts, are all that can be required, and are all that can serve
any practical purpose in the elucidation of the case.

We are reminded, that this court has frequently said, that
although the circuit court may have refused proper instruc-
tions, and given improper ones, yet the verdict will not
always be disturbed for that reason alone.   *Elam* v. *Badger*,
23 Ill. 498.

In all such cases, it must appear that substantial justice has
been done between the parties, and that the instructions were
not of such a character as would tend to mislead the jury on
the doubtful facts involved in the case.   The general rule is,
that if the instructions are objectionable, and the natural effect
would be to mislead the jury where the facts are controverted,
the verdict will be set aside and the cause submitted to another
jury, with proper directions.   We think the series of
instructions given for the appellee, taken as a whole, was

objectionable, and tended rather to confuse than enlighten the minds of the jury.

The 2d and 14th instructions are obnoxious to the same objections. By the 14th instruction, the jury were correctly told in the beginning, that evidence of character is admissible in actions of slander, for the purpose of showing the extent of the injury, but not in justification, and in conclusion they were told that if "Adams has failed to prove Smith guilty of the crime charged, then the jury are bound, and the law makes it their duty, no matter what the evidence may be of the general character of Smith, to find for the plaintiff, Smith, in any sum not exceeding $5000." The conclusion to the 2d instruction is the same in regard to the amount of damages.

There was evidence offered, to say the least of it, tending to impeach the character of the appellee for integrity, and we can see how the 14th instruction, in its application to the facts, would mislead the jury.

It, in effect, states the principle, that however bad the character of the plaintiff may be, even if it be shown to be positively bad and vicious, still, if the words spoken are untrue, the party may recover to the extent of $5000. This is stating the rule too broadly. It is undoubtedly true, that the character of a party, however bad, does not justify the utterance of slanderous words, but the measure of damages is vastly different where the party sustains a good character. In this instance, the jury were plainly told, that no matter what may be the evidence of the character of the appellee, still he would be entitled to recover, even to the extent of $5000. In view of the evidence, we think that this instruction was clearly erroneous in its application to the facts. There was evidence of character, that the jury could not disregard, that would reduce the damages to a sum far below that amount, even if the words spoken were untrue.

It is no answer to this view of the case, to say, that the jury did not award the full amount of $5000 as damages. It is not possible for us to know what influence the instruction did

have upon the minds of the jury, to produce the verdict they found.    It doubtless did have its effect in producing the verdict.

Both instructions, the 2d and 14th, are liable to the just criticism that they convey the idea to the mind that, under the facts in the case, the sum of $5000 would not be too high a verdict, in the judgment of the court.

The 18th instruction is still more objectionable.    By it the jury were told that in fixing the amount of damages they should take into consideration the "mental suffering" of the plaintiff, from the utterance of the slanderous words.    The objection is, not that the jury might consider mental suffering as an element of damages, but that the instruction, by its terms, assumes the existence of that fact.

We have no doubt, where the words spoken are actionable *per se*, that mental suffering produced by the utterance of the slanderous words, is a proper element to be considered in fixing the amount of damages.    *Swift* v. *Dickerman*, 31 Conn. 294.

The rule seems to be different where the words are not actionable in themselves.    *Terwillinger* v. *Wand*, 17 N. Y. 54; *Wilson* v. *Goit*, 17 N. Y. 442.

But an instruction that assumes the existence of any fact, invades the province of the jury, and is, for that reason, erroneous.    In this instance, it was the province of the jury, and not of the court, to determine whether there had been mental suffering.    It was quite proper for the court to direct the attention of the jury to that fact as an element of damages, but they should have been left to draw their own conclusions from the evidence, whether the appellee had, in fact, endured mental suffering in consequence of the utterance of the alleged slanderous words.

For the errors indicated the judgment will be reversed and the cause remanded.

*Judgment reversed.*