JENNIE FINGER *vs.* JACOB POLLACK.

Suffolk.    March 9, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Libel and Slander. Evidence,* Of mental suffering.

In an action of tort for slander, evidence that the plaintiff cried, that she "looked very bad" and did not sleep as well as before, is admissible to show mental suffering.

Tort for alleged slander in using certain German words set out in the plaintiff's declaration signifying that the plaintiff was a "dirty and homely looking whore." Writ in the Municipal Court of the City of Boston dated July 23, 1902.

On appeal to the Superior Court the case was tried before *Schofield*, J. Against the defendant's objection the judge, upon the question of damages, admitted the testimony of the plaintiff's mother, that after the alleged words had been spoken she had seen her daughter crying, that she "looked very bad" and did not sleep as well as before.

The judge instructed the jury that in an action for slander the jury in assessing damages could consider injury to reputation and mental suffering. The judge further said: "Now, in this case there was some evidence admitted in regard to the plaintiff not sleeping after these words were uttered. The only use that you can properly make of that evidence upon the question of damages is in connection with the injury to the feelings of the plaintiff. Were her feelings injured? If so, to what extent? And evidence of her conduct, or change, after that time is admitted and is competent only upon the question of the injury to her feelings, to enable the jury to say whether there was injury to her feelings, and to what extent they were injured."

The jury returned a verdict for the plaintiff in the sum of $200; and the defendant alleged exceptions.

*R. Levi*, for the defendant.

*R. H. O. Schulz*, (*D. Mancovitz* with him,) for the plaintiff.

Hammond, J. In an action for slander one of the elements of damage is mental suffering. *Chesley* v. *Thompson*, 137 Mass. 136. Such suffering may be evidenced by the physical appearance or acts of the person suffering. The evidence that the plaintiff cried, that she "looked very bad" and did not sleep as well as before, shows physical conditions which might have indicated mental suffering, and such conditions might be described by any witness who saw them. The evidence was rightly admitted, was carefully limited in the instructions of the judge, and it was the province of the jury to pass upon its weight or significance.

*Exceptions overruled.*