HACK v. DADY.

(Supreme Court, Appellate Division, Second Department.    October 12, 1909.)

1. DAMAGES (§ 131*)—EXCESSIVE DAMAGES—PERSONAL INJURIES.
    Plaintiff was passing in the street, where mains were being laid.    There was an explosion of a pot of molten lead, and some of the drops were cast upon her clothes and hand.    The loss to her apparel was trifling, and the injury to her hand was not severe; she testifying that the four or five drops of lead burned her, but that she brushed them off quickly.    Her physician prescribed a little ointment for them, but they were so slight as not to call for treatment, and at the time of trial it was with difficulty that a faint scar was found.    Held, that $2,000 damages was excessive.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 357; Dec. Dig. § 131.*]

2. DAMAGES (§ 52*)—GROUNDS—FRIGHT.
    Damages cannot be recovered for mere fright from another's negligence, and hence cannot be recovered for physical consequences of the fright.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 100; Dec. Dig. § 52.*]

3. DAMAGES (§ 20*)—PERSONAL INJURIES—NATURAL RESULT.
    Where a woman, while passing a pot of molten lead, was struck by four or five drops of the metal upon its explosion, the injury being very slight, a radical impairment of her nervous system, general health and bodily organs, resulting in three successive miscarriages, was not an ordinary and natural result of the accident, for which damages could be recovered.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 55-57; Dec. Dig. § 20.*]

    Hirschberg, P. J., dissenting.

Appeal from Kings County Court.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and MILLER, JJ.

William L. Kiefer, for appellant.
Frederick N. Van Zandt, for respondent.

JENKS, J.    When the plaintiff, with her two young children, was passing in a city street, where the defendant, in laying mains, had a pot for melting lead standing in the street near the curb, there was an explosion, so that some of the drops of molten lead were cast upon her clothes and upon her left hand.    She recovered $2,000 damages for negligence.    I think that they are excessive.    The loss upon her apparel was trifling.    The injury to her hand was not severe.    The plaintiff testifies that the four or five drops of lead burned her—stung her—but that she brushed them off quickly.    She cannot recall that she mentioned the burns to the defendant's foreman, with whom she conversed after the accident.    Her physician prescribed a little ointment for them, but they were so slight as not to call for treatment. They were of no importance compared to her nervousness and her shock.    With difficulty he found, at the time of the trial, a faint scar.

It is too plain for discussion that the damages awarded were not confined to the injury to clothes or person, but that the jury took into consideration the testimony of the plaintiff and of her physician that she had suffered and might continue to suffer from nervous troubles and general debility of body, including disarrangement of her generative organs, manifested in a miscarriage 3½ weeks after the accident, a second miscarriage 6 months thereafter, when she had been pregnant for 2 months, and a third miscarriage 3 months thereafter, when in the third month of pregnancy. It is hard to believe, and the testimony does not convince me, that the verdict which rests upon such belief should stand; that all of the serious ailments which this plaintiff and her physician say she suffers are due merely to the slight physical injury which she suffered, or any immediate shock therefrom. If they are at all consequent to the accident, I would rather ascribe them to the fright therefrom. The explosion, her proximity to it with two small children, may well account for her consequent fright, shock, and nervousness. But, as she cannot recover damages for her fright, she cannot recover for any physical consequences of her fright. Mitchell v. Rochester Railway Co., 151 N. Y. 110, 45 N. E. 354, 37 L. R. A. 781, 56 Am. St. Rep. 604.

Moreover, I think that such damages, outside of the direct physical injury to her hand, which she pleaded and attempted to prove, are not proximate to the accident. Such radical impairment of the nervous system, general health, and bodily organs are not the ordinary and natural results of the spattering of molten lead out of an iron pot into the open air, so that a few drops thereof fell upon the hand and the clothing of a passer-by with but little injury. The results are unusual and unexpected. Id.

I think that the judgment must be reversed, and a new trial be ordered; costs to abide the event.

BURR and RICH, JJ., concur. MILLER, J., concurs in result. HIRSCHBERG, P. J., dissents.

William L. Kiefer, for appellant.
Frederick N. Van Zandt, for respondent.

PER CURIAM. Judgment and order of the County Court of Kings county reversed, and new trial ordered, costs to abide the event, on the authority of Julia Hack v. Dady (decided herewith) 118 N. Y. Supp. 906.