GARRISON v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Appellate Division, First Department.   May 31, 1912.)

HUSBAND AND WIFE (§ 209*)—LIBEL OF WIFE—RIGHT OF HUSBAND TO MAINTAIN ACTION.

> A husband may maintain an action for damages for the physical illness of his wife, due to mental anguish caused by the publication of words libelous per se; the mental suffering being the proximate result of the libel, and the physical injury being the necessary and proximate result of the mental suffering.
>
> [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 766–772; Dec. Dig. § 209.*]

Appeal from Special Term, New York County.

Action by George E. Garrison against the Sun Printing & Publishing Association. From a judgment overruling a demurrer to the complaint (74 Misc. Rep. 622, 134 N. Y. Supp. 670), defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Carl A. Mead, of New York City, for appellant.
Herbert H. Gibbs, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLER, J. The question involved in this appeal is whether a husband may maintain an action for damages for the physical illness of his wife, due to mental anguish caused by the publication of words reflecting upon her character which were libelous per se. The precise question does not appear to have been decided in this state. The appellant relies upon Wilson v. Goit, 17 N. Y. 442, which decided that such an ·action could not be maintained by the husband, where the words complained of were not actionable in themselves. That decision was made upon the authority of Terwilliger v. Wands, 17 N. Y. 54, 72 Am. Dec. 420, which held that mental distress, physical illness, and inability to labor, occasioned by spoken words not actionable in themselves, did not give a cause of action; the reason being that they were not the natural and legal consequences of the words complained of, but depended upon the nervous organization and mental peculiarities of the plaintiff. In Wilson v. Goit the court laid stress upon the fact that the words were not actionable per se, and the plain import of the opinion is that, had the words complained of been actionable in themselves, the decision would have been the other way.

We can perceive no reason to distinguish such an action based on a libel from one based on any other tort occasioning bodily disability. The question is whether the damages claimed are the natural and proximate consequences of the libel. The reason for excluding mental suffering as an element of damages in the case of words not actionable in themselves does not apply in the case of words libelous per se. In the former case, mental distress is not the natural and proximate result, whereas, in the latter case, it is. It necessarily causes mental suffering to hold a person up to public ridicule, disgrace, and obloquy, and, although the appellant contends, upon the authority of cases which did not decide the point (vide Brooks v. Harison, 91 N. Y. 83; Warner v. Press Publishing Co., 132 N. Y. 181, 30 N. E. 393), that mental anguish may be considered only as an element of exemplary damages in case express malice is shown, it has been squarely decided at least once by the Court of Appeals that, in the case of a publication libelous per se, mental suffering is an element of general damage. Van Ingen v. Star Co., 1 App. Div. 429, 37 N. Y. Supp. 114, affirmed on the opinion of Mr. Justice Ingraham below, 157 N. Y. 695, 51 N. E. 1094. Physical illness is certainly the natural result of mental anguish. The conclusion that the husband may maintain such an action as this for the damages sustained by him follows logically from the premise that, in a suit by the wife, mental suffering and physical illness are elements of general damages.

The interlocutory judgment should be affirmed, with costs, with leave to the defendant to answer on payment of costs. All concur.