GEORGE E. GARRISON, Respondent, *v.* SUN PRINTING AND PUBLISHING ASSOCIATION, Appellant.

Libel — in action for utterance of words defamatory per *se*, the plaintiff may recover compensatory damages for mental distress and for physical sufferings resulting from such mental distress — where wife might have recovered such damages her husband can maintain action for loss of her society and services.

1. An action to recover for the utterance of defamatory words, not actionable in themselves, cannot be sustained by proof of mental distress and physical pain suffered by the complainant as a result thereof.

2. The reasoning upon which this rule is based does not apply to a case where the words are actionable in themselves, and a plaintiff in an action for the utterance of defamatory words actionable *per se* may recover compensatory damages for mental distress (*Van Ingen* v. *Star Co.*, 1 App. Div. 429; 157 N. Y. 695, followed; *Terwilliger* v. *Wands*, 17 N. Y. 54; *Wilson* v. *Goit*, 17 N. Y. 442, explained and distinguished), and may likewise recover for physical suffering brought about by or attending such mental distress. (*Mitchell* v. *Rochester Ry. Co.*, 151 N. Y. 107, 110; *Hack* v. *Dady*, 134 App. Div. 253, distinguished.)

3. In an action brought for the redress of a wrong intentionally, willfully and maliciously committed, as must be assumed to be the case in an action of libel on a demurrer to a complaint alleging these facts, the wrongdoer will be held responsible for the injuries which he has directly caused even though they lie beyond the limit of

1

natural and apprehended results as established in cases where the injury was unintentional.

4. Where a wife might have recovered damages for the mental distress and physical sufferings caused by a willful and malicious publication of a libel, her husband may maintain an action for loss of her society and services.

*Garrison* v. *Sun Printing & Publishing Assn.*, 150 App. Div. 689, affirmed.

(Argued October 2, 1912; decided December 17, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 31, 1912, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The following question was certified: "Does the second cause of action alleged in the second amended complaint herein state facts sufficient to constitute a cause of action?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*James M. Beck* and *Carl A. Mead* for appellant. A recovery is allowed in tort only for damages which are the natural and probable consequence of the wrong. (*Mitchell* v. *R. Ry. Co.*, 151 N. Y. 107; *Curtin* v. *W. U. Tel. Co.*, 13 App. Div. 253; *Buchanan* v. *Stout*, 123 App. Div. 648; *Wulstein* v. *Mohlman*, 5 N. Y. Supp. 569; *Hack* v. *Dady*, 134 App. Div. 253.) A plaintiff cannot recover for the loss of his wife's services due to her illness, resulting from her mental suffering caused by the defendant's injury of the plaintiff. (*Hutchinson* v. *Stern*, 115 App. Div. 791; 189 N. Y. 577; *Ellis* v. *Cleveland*, 55 Vt. 358; *Hampton* v. *Jones*, 58 Iowa, 317.) In libel, general damages cannot be recovered by the husband. (*Butler* v. *Hoboken P. & P. Co.*, 73 N. J. L. 45; *Brooks* v. *Harison*, 91 N. Y. 83; *Warner* v. *Press Pub. Co.*, 132 N. Y. 181; *Fry* v. *Bennett*, 4 Duer, 247.) The basis of recovery for libel is its effect upon the minds of others, not its effect on the mind of the one

libeled. (*Terwilliger* v. *Wands*, 17 N. Y. 54; *Wilson* v. *Goit*, 17 N. Y. 442.) No special damages may be recovered, unless they are the natural result of the alleged libel. (Newell on Slander & Libel [2d ed.], 852; *Schoepflin* v. *Coffey*, 162 N. Y. 12; *Anonymous*, 60 N. Y. 262; *Fagan* v. *N. Y. E. J. Pub. Co.*, 129 App. Div. 28; *Fisk* v. *N. Y. Press Co.*, 91 Hun, 547; *Hallock* v. *Miller*, 2 Barb. 630.) A husband cannot recover for the illness of his wife resulting from words which are not libelous *per se*. (*Terwilliger* v. *Wands*, 17 N. Y. 54; *Allsop* v. *Allsop*, 5 H. & N. 534; *Lynch* v. *Knight*, 9 H. L. Cas. 577.) A husband cannot recover for the illness of his wife resulting from words which are libelous *per se*. (*Loftus & Co.* v. *Bennett*, 68 App. Div. 128; *Butler* v. *H. P. & P. Co.*, 73 N. J. L. 45; *Guy* v. *Gregory*, 9 C. & P. 584.)

*Herbert H. Gibbs* for respondent. The second cause of action states facts sufficient to constitute a cause of action at common law. (Odgers on Slander & Libel [5th ed.], 567; *Dengate* v. *Gardiner*, 4 M. & W. 5; *Savelle* v. *Sweeney*, 4 B. & Ad. 514; *Coward* v. *Wellington*, 7 C. & P. 531; *Coleman* v. *Harcourt*, 1 Lev. 140; *Olmstead* v. *Brown*, 12 Barb. 657.) If the law gives the husband a cause of action for loss of his wife's services and society, through a libel upon her, it must take into account the natural and approximate cause of such loss through libel, and it needs no argument to demonstrate that such cause can only be physical disability consequent upon mental distress. (*Allsop* v. *Allsop*, 5 H. & N. 534; *Guy* v. *Gregory*, 9 C. & P. 584; *Lynch* v. *Knight*, 9 H. L. Cas. 577; *Loftus & Co.* v. *Bennett*, 68 App. Div. 128; *Butler* v. *H. P. & P. Co.*, 73 N. J. L. 45.)

HISCOCK, J. By demurrer to one of the purported causes of action set forth in the complaint, the question is presented whether a husband may recover for loss of serv-

ices of his wife caused by her sickness resulting from mental distress which in turn was caused by the defendant's willful and malicious publication concerning her of defamatory words actionable *per se.* There is no question but that the published words are libelous *pe se,* and whatever facts may be established on a trial, we must assume for the purposes of this appeal, in accordance with defendant's admissions concededly to be implied from its demurrer, that the defendant not only published them of and concerning plaintiff's wife, but that it did so "wickedly and maliciously and intentionally and wilfully," for thus it is alleged in the complaint.

Inasmuch as plaintiff's right to recover, if at all under the circumstances, must in effect be derived through his wife, it will be important in the first place to inquire whether the wife herself might recover for mental distress and physical sufferings resulting from the willful and malicious publication of such libelous words.

It was early established in this state by decisions which do not appear to have been overruled or limited, that an action to recover for the utterance of defamatory words, not actionable in themselves, could not be sustained by proof of mental distress and physical pain suffered by the complainant as a result thereof. (*Terwilliger* v. *Wands,* 17 N. Y. 54; *Wilson* v. *Goit,* 17 N. Y. 442.) And the same doctrine seems to have prevailed in England. (*Allsop* v. *Allsop,* 5 H. & N. 534, 539; *Lynch* v. *Knight,* 9 H. of L. Cases, 577, 592.)

On a superficial examination of the opinion in *Terwilliger* v. *Wands,* and on which rested the decision in *Wilson* v. *Goit,* it would seem to be founded on reasons which would be as applicable to a case of defamatory words actionable in themselves as to one where the words were not thus in themselves actionable and required proof of special damages. It was held that special damages of the kind stated and of which recovery was there being sought, were not such natural, immediate and legal con-

sequences of the words spoken as to sustain the action. A more careful examination, however, discloses that the real and full theory on which a recovery was refused was that an action for slander or libel is brought to recover fundamentally for injury to *character* and that the special damages necessary to sustain such an action must flow from disparaging and injuring it; that illness "was not in a legal view, a natural, ordinary one, (consequence) as it does not prove that the plaintiff's character was injured. The slander may not have been credited by or had the slightest influence upon any one unfavorable to the plaintiff." It was further remarked that "this element of an action for slander in a case of words not actionable of themselves — that the special damages must flow from impaired reputation — " had been overlooked in several cases, but that, nevertheless, "Where there is *no proof that the character has suffered* from the words, if sickness results it must be attributed to apprehension of loss of character, and such fear of harm to character, with resulting sickness and bodily prostration, cannot be such special damage as the law requires for the action. The loss of character must be a substantive loss, one which has actually taken place." (pp. 62–63.)

Both the *Terwilliger* and the *Wilson* cases took pains to limit their effect to cases of defamatory words not actionable in themselves. Their plain intent was to declare that an action of libel or slander involves as its very foundation an injury to character; that where the language complained of is not of such a character that the law presumes an injury, but requires proof of special damages, this requirement cannot be satisfied by simply proving that the plaintiff had been made sick, there being no proof whatever of injury to the character, which involves the effect of the defamatory words on third persons rather than on the complainant himself. (*Hamilton* v. *Eno*, 16 Hun, 599, 601.) It will be seen that this reasoning does not apply to a case where the words are action-

able in themselves because there the law presumes an injury to character which of itself will sustain an action, and proof of mental or physical suffering is presented as an element of additional or special damages accompanying or resulting from the injury to character thus presumed.

Expressions are to be found in some of the decisions of this court which might seem to suggest the conclusion that proof of such suffering is allowed only as a basis for punitive and not as a basis for compensatory damages. (*Brooks* v. *Harrison*, 91 N. Y. 83, 91; *Warner* v. *Press Pub. Co.*, 132 N. Y. 181.) But if these or other cases left any doubt of the right of a plaintiff in an action for the utterance of defamatory words actionable *per se* to recover compensatory damages for mental distress, this doubt was dispelled and such right fully established by the case of *Van Ingen* v. *Star Co.* (1 App. Div. 429; affirmed, 157 N. Y. 695, on the opinion of Mr. Justice INGRAHAM in the Appellate Division). While the opinion touches briefly on this question of the right thus to recover in such a case for mental sufferings, the printed record shows that the question was fairly and plainly involved and presented and that the decision must be regarded as an adjudication of this question. (See, also, as supporting such conclusion: *Aaron* v. *Ward*, 203 N. Y. 351, 354; *Ransom* v. *N. Y. & Erie R. R. Co.*, 15 N. Y. 415, 420; *Burt* v. *McBain*, 29 Mich. 260; *Markham* v. *Russell*, 12 Allen, 573, 575; *Swift* v. *Dickerman*, 31 Conn. 285; *Childers* v. *San Jose Mercury P. & P. Co.*, 105 Cal. 284, 289; *Lehrer* v. *Elmore*, 100 Ky. 56, 60; *Finger* v. *Pollack*, 188 Mass. 208; *Adams* v. *Smith*, 58 Ill. 417, 421.)

While the further proposition does not appear to have been specifically decided in this state, I have no doubt that a plaintiff being entitled to recover compensatory damages for mental distress resulting from the publication of defamatory words actionable in themselves may

likewise recover for physical sufferings brought about by or attending such mental distress. It is true that the physical sufferings as in this case may be removed one step further from the wrong than the mental disturbance which gives rise to them, but this fact of itself does not prevent a recovery provided these damages otherwise come within the rules applicable to such a subject.

The general rule in torts applied to such actions as those of negligence is that a wrongdoer is responsible for the natural and proximate consequences of his conduct, and what are such consequences must be generally left for the determination of the jury. (*Ehrgott* v. *Mayor, etc., of N. Y.*, 96 N. Y. 264, 282; *Milwaukee & St. P. Ry. Co.* v. *Kellogg*, 94 U. S. 469.) The essential requirements in such cases are that the damages shall be directly traceable to the wrongful act and not the consequence of some intervening outside cause and that they shall be the natural result thereof. Under this rule it has been held in this state, as in others, that in an action for negligence a plaintiff may not recover for physical sufferings, as a miscarriage, resulting purely from fright where there was no physical injury; that to allow a recovery in such a case would be to recognize damages which were not natural and ordinary. (*Mitchell* v. *Rochester Ry. Co.*, 151 N. Y. 107, 110; *Hack* v. *Dady*, 134 App. Div. 253.) While there can be no question under the admitted allegations of the complaint that the wife's sickness in this case was directly connected with defendant's wrongful act by an unbroken chain of cause and effect, it is urged under decisions of the class last referred to that such physical sufferings resulting from mental distress are too remote and unusual to become a subject for compensation.

I think the rule of the cases referred to is not here applicable for two reasons. In the first place it might well be said that substantial physical sufferings resulting from mere mental action are not a natural result of negligent conduct which generally makes itself felt by inflicting some

actual and direct physical injury. In the case of such a wrong as that of libel and slander, however, the natural and immediate effect in the line of results we are now discussing must be on the mind and not on the body and, therefore, such mental disturbance and its consequences even in the shape of resulting sickness are fairly to be apprehended.

But in the second place, I think the rule must be regarded as well recognized that in an action brought for the redress of a wrong intentionally, willfully and maliciously committed, the wrongdoer will be held responsible for the injuries which he has directly caused even though they lie beyond the limit of natural and apprehended results as established in cases where the injury was unintentional. (*Eten* v. *Luyster*, 60 N. Y. 252, 260; *Williams* v. *Underhill*, 63 App. Div. 223, 226; *Putnam* v. *Broadway & Seventh Ave. R. R. Co.*, 55 N. Y. 108, 119; *Milwaukee & St. P. Ry. Co.* v. *Kellogg*, 94 U. S. 469, 475; *Spade* v. *Lynn & B. R. R. Co.*, 168 Mass. 285, 295; *Lehrer* v. *Elmore*, 100 Ky. 56, 60; *Meagher* v. *Driscoll*, 99 Mass. 281; *Swift* v. *Dickerman*, 31 Conn. 285.)

In *Spade* v. *Lynn & B. R. R. Co.* (*supra*) the court, after affirming the rule that in an action for negligence there could be no recovery for physical sufferings resulting from mere fright and mental disturbance, said: " It is hardly necessary to add that this decision does not reach those classes of action where an intention to cause mental distress or to hurt the feelings is shown or is reasonably to be inferred, as for example in cases of * * * slander."

In *Burt* v. *McBain* (*supra*), which was an action to recover damages for the utterance of words similar to those alleged in this case and like the latter made actionable *per se* by statute, it was held that injury to mind and health were such natural results of such an utterance that they might be shown as an element of damages without even a special declaration thereof.

In *Swift* v. *Dickerman* (*supra*) it was held that a plaintiff might recover damages for physical sufferings caused by the utterance of words actionable *per se*.

In the *Terwilliger* and *Wilson* cases, already quoted from, it is fairly to be inferred from the pains with which those decisions were limited to cases of words not actionable *per se* that a different rule would apply and a recovery be allowed for physical sufferings and mental distress resulting from the defamatory utterance of words actionable in themselves.

In the foregoing discussion, of course, there have not been overlooked the case of *Butler* v. *Hoboken P. & P. Co.* (73 N. J. Law, 45), in which the conclusion is reached that such damages as are here asked for may not be recovered, or the expressions of similar views by some textwriters, and which so far as they are based on any direct authority rest on the *Butler* case.

The *Butler* case cites no direct authority for the decision there made.     It cites the *Van Ingen* case, referred to herein, as authority for the proposition that in New York only punitive and not compensatory damages may be allowed for mental sufferings in case of defamatory words actionable *per se*, and it relies on the entire absence of any precedent for the allowance of damages for physical sufferings in cases of defamatory words actionable *per se*, and reaches the conclusion that such damages are too remote to be allowed.

As I have shown, the *Van Ingen* case expressly holds that compensatory damages may be allowed in the cases stated for mental sufferings, and I have called attention to authorities directly holding that damages for physical sufferings may be allowed in cases of defamatory words actionable *per se*, and to other authorities holding that a more liberal rule in the allowance of damages prevails where the injurious wrong complained of has been the result of willful, malicious intent, than where it has been the result of mere unintentional negligence.  If I have

correctly analyzed these authorities and the principles affirmed by them, they destroy the basis for the conclusions which were reached in the *Butler* case and the force of that decision as an authority in this case.

Reaching the conclusion as I, therefore, do, that the wife might have recovered damages for the mental distress and physical sufferings caused by the publication of defendant's libel, it follows that plaintiff as her husband may maintain this action for loss of society and services. He had a right to these. The services were presumably of pecuniary value to him and any wrong by which he was deprived thereof was a wrong done to his rights and interests for which he may recover damages. (*Cregin* v. *Brooklyn Crosstown R. R. Co.*, 75 N. Y. 192; *Reynolds* v. *Robinson*, 64 N. Y. 589; *Wilson* v. *Goit*, cited *supra; Olmsted* v. *Brown*, 12 Barb. 657.)

In the *Wilson* case it was assumed that the right of a husband to recover in such a case as this was tested by the right of a wife to recover the damages accruing to her personally for the injuries which caused the loss of services to her husband. In the *Olmsted* case the general principle was affirmed that a husband might recover for loss of services resulting from sickness of the wife caused by slander, recovery there being refused on other grounds. That seems to be the logical and reasonable rule. If the defendant was guilty of wrongful conduct which made it liable to the wife for personal sufferings, it also should be liable to the plaintiff for the loss of his wife's services caused by the same act.

In accordance with these views I recommend that the judgment appealed from be affirmed, with costs, and the question certified to us answered in the affirmative.

CULLEN, Ch. J., HAIGHT, VANN, CHASE and COLLIN, JJ., concur; WILLARD BARTLETT, J., not sitting.

Judgment affirmed.