■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE ANGELET, Appellant.— Order, entered on November 16, 1961, unanimously affirmed. No opinion. Concur — Botein, P. J., Valente, McNally, Stevens and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT BREGMAN, Appellant, v. WARDEN OF THE NEW YORK CITY PRISON, COUNTY OF NEW YORK, Respondent.— Order, entered April 19, 1962, unanimously affirmed. No opinion. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ KATHERINE TWYFORD, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.— Order, entered May 3, 1962, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ MAY PUTNAM, Appellant, v. SURFACE TRANSIT, INC., et al., Respondents, et al., Defendant.— Order, entered on December 1, 1961, unanimously affirmed, with $20 costs and disbursements to the respondents. The appeal from the ex parte order, entered on November 6, 1961, is dismissed. No opinion. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ SAM ZAUSNER et al., Respondents, v. FOTOCHROME, INC., Appellant.— Order, entered July 2, 1962, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ SAM ZAUSNER et al., Respondents, v. FOTOCHROME, INC., et al., Appellants.— Order entered July 2, 1962, denying defendants' motion to dismiss several of the causes of action in the complaint under rules 103 and 106 of the Rules of Civil Practice, unanimously modified, on the law, with $20 costs and disbursements to defendants, to the extent of dismissing the fourth, fifth, and sixth causes of action, and, in the exercise of discretion, with leave to plaintiffs to replead all dismissed causes of action within 20 days of the service of the order herein, with notice of entry thereof. The causes of action dismissed are deficient for failure to allege special damages. Generally, when causes of action are pleaded in tort for intentional harms falling outside the categories of the "conventional" or "traditional" torts, special damages must be alleged and subsequently proven. Liability depends upon the causing of actual damages which are not presumed from the intention or the overt acts effecting the intention (see *Penn-Ohio Steel* v. *Allis-Chalmers Mfg.*, 7 A D 2d 441, 444–445; cf. Restatement, Torts, § 912, and Comments). In the fifth cause of action, the allegation of discharge without more is not a sufficient specification of actual damages (*Gersh* v. *Kaspar & Esh*, 11 A D 2d 1005; cf. *Hartmann* v. *Winchell*, 296 N. Y. 296, 298). Special damages must be alleged with sufficient particularity to identify actual losses and related causally to the allegedly tortious acts (13 N. Y. Jur., Damages, §§ 12–13; Clark, New York Law of Damages, §§ 3, 760; 2 Greenleaf, Evidence [16th ed.], § 254). The fourth cause of action is additionally insufficient. It alleges merely that defendants said they did certain harmful acts; this is not equivalent to alleging that defendants, in fact, did the things they said they had. The mental injuries asserted in the sixth cause of action are insufficiently alleged. The rules demark the recoverability for such injuries, especially when it is not alleged that such mental injuries were intended and were the result of intentional conduct of the most grievous character (Prosser, Torts [2d ed], §§ 11, 37; Restatement, Torts [1948 Supp.], § 46, and Comments; see *Garrison* v. *Sun Print. & Pub. Assn.*, 207 N. Y. 1, 8–9; 13 N. Y. Jur., Damages, § 126). Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.