CHARLES N. MAYBRUCK et al., Appellants-Respondents, *v.* JOYCE HAIM, as Administratrix of the Estate of DAVID HAIM, Deceased, Respondent, and JOYCE HAIM, Respondent-Appellant.

First Department, February 13, 1973.

*Charles Haydon* of counsel (*Dublirer, Haydon & Straci,* attorneys), for Paul A. Fund, appellant-respondent.

*Martin Ozer* for Charles N. Maybruck, appellant-respondent.

*Harold L. Young* of counsel (*Philip H. Busner* with him on the brief; *Young, Sonnenfeld & Busner,* attorneys), for respondent and respondent-appellant.

KUPFERMAN, J.  Plaintiffs Maybruck and Fund and the defendant David Haim in 1963 joined in a business venture in Mexico. Differences arose, and the plaintiffs caused charges to be filed in the Criminal Court in the Federal District of Mexico against Haim, although the Mexican District Attorney's office, after investigation, refused to prosecute.  Plaintiffs inserted paid advertisements in Mexican newspapers, not only in Spanish but in the English language *Mexico City News,* making various charges against Haim (and also his wife, Joyce Haim; the codefendant and now his administratrix*).

This action, which originated as one for fraud, breach of contract and breach of fiduciary relationship, resulted, among other things, in a jury verdict against the plaintiffs on the amended complaint and an award to the defendants on their libel counterclaims.

Putting aside for the moment the libel counterclaim of the defendant David Haim, we affirm, without costs, all of the other aspects of the jury determination, because we discern no error, including the judgment dismissing the amended complaint and

---

* He died shortly after the trial ended.

dismissing the counterclaim on a promissory note, and granting recovery to the defendant-respondent-appellant wife on her counterclaims for unpaid notes against plaintiff Maybruck, and on her libel counterclaim against both plaintiffs for punitive damages in the sum of $10,000.

With respect to the libel counterclaim of David Haim, we affirm also that determination insofar as it awards $75,000 in compensatory damages with the caution hereinafter expressed, and concern ourselves solely with the amount of exemplary damages. The action of the plaintiffs in pursuing their attempt to bring pressure to bear in order to vindicate their version of the arrangement between the parties was clearly beyond proper bounds with definitely libelous published announcements.

In Anglo-American jurisprudence, "Exemplary damages can properly be awarded whenever it is necessary to teach a wrong-doer that tort does not pay." (*Rookes* v. *Barnard* [1964], 2 W. L. R. 269, 329 [House of Lords, Lord DEVLIN].)

"The purpose of punitive damages is twofold: to punish the defendant for his malicious act and to provide a deterrent to future publications of similar character." (See *Clevenger* v. *Baker Voorhis & Co.*, 19 A D 2d 340 [1st Dept., 1963].)

However, it is our opinion that the award of punitive damages to the defendant-respondent-administratrix by verdict of $150,000 against the plaintiff Fund and $50,000 against the plaintiff Maybruck was excessive. (*Kern* v. *News Syndicate Co.*, 20 A D 2d 528 [1st Dept., 1963].)

While Haim was entitled to recover "for his injured feelings, and for mental and physical distress" (1 Seelman, Law of Libel, par. 335; cf. 53 C. J. S., Libel and Slander, § 244), we do not approve of the introduction in evidence of a hospital abstract to show that the decedent who was then alive (cf. Decedent Estate Law, § 119) and testified for his libel counterclaim at the time of the trial, was suffering from heart disease, and thus to support an inference that he suffered more than a healthy person would of mental anguish from the libel. There was no proof of a causal connection. (*Garrison* v. *Sun Print. & Pub. Assn.*, 207 N. Y. 1 [1912]; *Macy* v. *New York World-Tel. Corp.*, 2 N Y 2d 416, 422 [1957].) Nonetheless, we do not find that portion of the judgment for compensatory damages for libel to be excessive. (*Toomey* v. *Farley*, 2 N Y 2d 71, 81 [1956]; see *Curtis Pub. Co.* v. *Butts*, 388 U. S. 130, 161 [1967].) The jury determination had an adequate basis. (*Thom* v. *Jaymee Fashions*, 35 A D 2d 946 [1st Dept., 1970], affd. on the opn. below 29 N Y 2d 534.)

The judgment should be unanimously modified, on the law and on the facts, to the extent of vacating the award of punitive

damages in favor of defendant David Haim and to direct a new trial on the counterclaim of defendant David Haim solely with respect to punitive damages, and otherwise affirmed, with costs to abide the event, unless defendant-respondent-administratrix within 20 days of service upon her by the plaintiffs-appellants-respondents of a copy of the order entered herein, serves and files in the office of the Clerk of the Trial Term a written stipulation consenting to reduce the verdict to $50,000 in punitive damages against the plaintiff Fund and $20,000 in punitive damages against the plaintiff Maybruck and to the entry of an amended judgment in accordance therewith, in which event the judgment as so amended and reduced, is affirmed, without costs.

MARKEWICH, J. P., MURPHY, LANE and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, entered on May 16, 1972, unanimously modified, on the law and on the facts, to the extent of vacating the award of punitive damages in favor of defendant David Haim and to direct a new trial on the counterclaim of defendant David Haim solely with respect to punitive damages, and otherwise affirmed, with $60 costs and disbursements to abide the event, unless defendant-respondent-administratrix within 20 days of service upon her by the plaintiffs-appellants-respondents of a copy of this order, with notice of entry, serves and files in the office of the Clerk of the Trial Term a written stipulation consenting to reduce the verdict to $50,000 in punitive damages against the plaintiff Fund and $20,000 in punitive damages against the plaintiff Maybruck and to the entry of an amended judgment in accordance therewith, in which event the judgment, as so amended and reduced, is affirmed, without costs and without disbursements.