■ GEORGE KANDROS et al., Appellants, v JAMES LUTTON, Respondent. [680 NYS2d 522] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered September 17, 1997, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

The complaint alleges that defendant, a trading specialist on the New York Stock Exchange, where plaintiff was employed as a security guard, brought a dismantled shotgun into the Exchange, in violation of widely distributed Exchange rules prohibiting the bringing of firearms onto its premises; that defendant made false statements intended to deceive plaintiff and that caused plaintiff to allow defendant to enter the Exchange with the concealed, broken down pieces of the shotgun; and that as a result, the Exchange terminated plaintiff's employment. Insofar as pertinent to the appeal, the motion court dismissed the first cause of action, plainly cast as one for fraud, on the ground that the allegedly deceitful statements were not set forth with sufficient particularity to satisfy CPLR 3016 (b), and also on the ground that "while plaintiff and defendant owed a duty to the Exchange to abide by its rules, plaintiff has failed to sufficiently set forth a basis upon which to establish that the parties owed a duty to each other". On appeal, plaintiff argues that the motion court misconstrued his claim as one for fraud when it is actually one for "an intentional act with an unintended result" (citing *Garrison v Sun Print. & Publ. Assn.*, 207 NY 1, 8), and that plaintiff is a third-party beneficiary of defendant's agreement with the Exchange to abide by its rules. While there is no reason to doubt a natural and proximate causal relationship between defendant's alleged deceit and plaintiff's termination (*cf., supra*), defendant owed plaintiff no duty. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.